Philip E. Winter Lyon County Counselor Courthouse Emporia, Kansas 66801
Dear Mr. Winter:
As Lyon county counselor you ask our opinion whether, pursuant to K.S.A. 65-202, a local health officer has the authority to inspect religious schools or state colleges and universities.
K.S.A. 65-202 in pertinent part states:
 "Such officer shall upon the opening of the fall term of school, make or have made a sanitary inspection of each school building and grounds, and shall make or have made such additional inspections thereof as are necessary to protect the public health of the students of the school."
The inspection of a private, religious school raises the possibility of violating the first amendment of the United States constitution. "TheFirst Amendment guarantees two types of religious freedom: the freedom to believe and the freedom to act. It is well settled that the freedom to believe is absolute, while the freedom to act is not." State ex rel.,Pringle v. Heritage Baptist Temple, Inc., 236 Kan. 544, 546 (1985).
"The U.S. Supreme Court has developed a three-part test to resolve conflicts which arise between free exercise of religion and the power of the State to enact legislation for the protection of society. SeeWisconsin v. Yoder, 406 U.S. 205, 32 L.Ed.2d 15, 92 S.Ct. 1526 (1972). The courts must consider: (1) Does a genuine religious liberty claim exist and does the state burden violate that liberty; (2) if it does, is that violation nonetheless justified by a compelling state interest; and (3) did the state use the least intrusive means of regulation?" State exrel. Pringle v. Heritage Baptist Temple, Inc., 236 Kan. 544, 547 (1985).
The Kansas court in upholding a licensing and inspection requirement of a private, religious child care center held:
 "The compelling interest of the State, as parens patriae, is the protection of its children from hunger, cold, cruelty, neglect, degradation, and inhumanity in all its forms. To fulfill this responsibility, the legislature has elected to impose licensing and inspection requirements. To these requirements the defendants' free exercise rights must bow; the balance weighs heavily in favor of those unfortunate children whom the State must protect." State ex rel., O'Sullivan v. Heart Ministries, Inc., 227 Kan. 244, 257 (1980).
Since the local health inspector is not regulating the school's religious activities, but is only focusing on the health sanitation conditions of the school, we opine that based on K.S.A. 65-202 and the public's welfare the local health officer has the authority to inspect a private, religious school and that such inspection does not violate thefirst amendment.
You also inquire whether the local health officer has the authority to inspect state colleges and universities. K.S.A. 65-202 does not define schools. Analysis of statutes drafted during the same period indicates that the legislature did not intend to include colleges and universities within the meaning of the term "school". Education related bills drafted in the same time framed referred to schools as kindergarten through high school. Other bills specifically referred to the University of Kansas and the State Teachers Colleges at Manhattan and Emporia instead of using the general term schools. Research did not reveal any bills or statutes that included state universities and colleges within the term schools. Therefore, we are of the opinion that the legislature did not intend to encompass community colleges and state colleges and universities when they used the word "schools".
Furthermore, current Kansas statutes draw a distinction between schools, K.S.A. 72-101 et seq., junior community colleges, K.S.A. 71-101 et seq. and universities, K.S.A. 76-101 et seq. Therefore, since the health officer statutes do not define the word "school," we will give the word "school" the same meaning and distinction that the legislature has and restrict it to the schools which educate children from kindergarten through grade 12.
In conclusion, a local health officer has the authority to conduct a sanitary inspection of private, religious schools. However, the definition of "schools" as used in K.S.A. 65-202 does not stretch to encompass junior colleges and universities.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Jane Stattelman Assistant Attorney General